IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10560
Summary Calendar
_____

ELIZABETH V. RIFE, formerly
known as Elizabeth V. Zuniga,

Plaintiff-Appellant,

versus

CITY OF DALLAS, TEXAS; KEVIN L.
ROSS, Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

June 12, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The appellant, Elizabeth Rife, filed this civil rights damage
action against the City of Dallas (the "City") and a Dallas police
officer, Kevin Ross. Rife alleged, among other things, that Ross
had arrested her without probable cause on a charge of driving
while intoxicated ("DWI"). The district court granted summary
judgment for the defendants. Finding no deprivation of Rife's

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

constitutional rights, we uphold the result reached by the district court, but do so on narrower grounds.

The facts that are key to our decision include the following: Ross stopped Rife for speeding; Ross observed that Rife smelled of alcohol, had bloodshot eyes and stumbling speech; the parties stipulated to the fact that Rife exhibited symptoms of intoxication and had taken medication given to her by a friend; Ross arrested Rife for DWI;[1] a breatherlizer test indicated that Rife had an alcohol concentration of 0.05%; Rife was booked, jailed and released some time that same day.  Two days later, a magistrate judge made a determination that probable cause existed for the DWI arrest.  After blood test results became available, the district attorney dismissed all charges against Rife.

On appeal, Rife first argues that genuine issues of material fact remain regarding Ross's probable cause to arrest.  Probable

---

[1]Under Texas law, "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place."  Tex. Penal Code Ann. § 49.04.  "Intoxicated" means, and is proven by demonstrating, either one of the following:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
>
> (B) having an alcohol concentration of 0.10 or more.

Id., § 49.01(2).

cause to arrest exists when the facts and circumstances within the knowledge of the arresting officer and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant in a person of reasonable caution the belief that an offense has been or is being committed. United States v. Fortna, 796 F.2d 724, 739 (5th Cir.) cert. denied, 479 U.S. 950 (1986). Having reviewed that facts and circumstances of Rife's arrest, we hold that probable cause existed, and we affirm the district court's decision on this issue.

Rife also challenges the district court's determination that there was probable cause to prosecute. Rife's brief on appeal focuses on "the motives of Officer Ross for instituting the criminal prosecution in the face of evidence of innocence." State actors other than prosecutors may be liable for damages for bad faith prosecution, if they join in malicious prosecution by prosecutors, or if their malice results in an improperly motivated prosecution without probable cause. Hand v. Gary, 838 F.2d at 1420 (5th Cir. 1988); Wheeler v. Cosden Oil & Chemical Co., 734 F.2d 254 (5th Cir.), modified on reh'g on other grounds, 744 F.2d 1131 (5th Cir. 1984). However, the same undisputed facts relevant to our finding of probable cause to arrest are also relevant to our finding of probable cause to prosecute. The course of this prosecution was proper, and Rife has failed to show otherwise.

It follows that Rife has failed to state a cause of action for malicious prosecution under either 42 U.S.C. § 1983 or the common

law.  Lack of probable cause to prosecute is an essential element of a malicious prosecution case.  E.g., Moore, 30 F.3d at 620 (absent allegation of lack of probable cause to prosecute, plaintiff failed to assert a Section 1983 claim for malicious prosecution); Pete v. Metcalfe, 8 F.3d 214, 219 (5th Cir. 1993) (lack of probable cause is necessary element to claim for malicious prosecution under Texas law).  Having failed to establish an element necessary to her case, we affirm the district court's dismissal of Rife's malicious prosecution claim.

Our thorough review of the entire record leads us to conclude that Rife's federally guaranteed rights, whether secured by the United States Constitution or federal law, have not been deprived under any theory.  Her arrest, brief detention, release from jail, and her probable cause determination before a magistrate judge pass constitutional muster.  Gerstein v. Pugh, 420 U.S. 103, 111-26, 95 S.Ct. 861-69 (1975).  Hence, there can be no Section 1983 liability under any theory advanced by Rife, and it is unnecessary to consider the issues of qualified immunity or any policy, procedure, custom or usage on the part of the City with respect to its enforcement of DWI arrests.  E.g., Samaad v. City of Dallas, 940 F.2d 925, 940-41 (5th Cir. 1991); Wheeler, 734 F.2d at 257.  We do not reach these issues and modify the holding of the district court's summary judgment opinion accordingly.

Finally, Rife complains that the district court failed to address in its summary judgment opinion her constitutional and

state statutory claim under Articles 14.06 and 15.17 of the Texas Code of Criminal Procedure.  We reject Rife's constitutional argument for the reasons stated above.  With respect to the state law aspect of this claim, we find it implicit in the district court's full grant of summary judgment for the defendants that the court rightfully declined to exercise its supplemental jurisdiction over a state law claim.  28 U.S.C. § 1367(a), (c)(3); see, e.g., Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993) (district courts enjoy wide discretion in determining whether to retain jurisdiction over a state claim once all federal claims are dismissed).

The district court's judgment is

A F F I R M E D.